# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**LONNIE EARL COWLES**                                                                          **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:14CV-P49-R**

**LAMONT BUFFORD** *et al.*                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Lonnie Earl Cowles filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow Plaintiff's claim against Defendant Lamont Bufford in his individual capacity to proceed and dismiss the remaining claims.

## I.

Plaintiff is a convicted inmate at the Warren County Regional Jail. He sues Defendant Bufford, whom he identifies as a bailiff at the Warren County Justice Center, and the Warren County Sheriff's Office. He states that he sues both Defendants in their individual and official capacities.

Plaintiff states that on December 12, 2013, he was being arraigned in Warren County District Court on criminal charges. He states, "I was very upset when Hon. Judge Brent Potter stated in open court and on Record that the case in front of him was very circumstantial . . . ." Plaintiff reports that he was escorted from the courtroom shackled and handcuffed and placed in a holding cell with other inmates. He further states as follows:

> I be the first to admit that I was upset talking loudly to the other inmates about my charges. That's When Deputy Bailiff Lamont Bufford opened the holding cell Door, and told me to lay on the floor of cell, with Tazer pointed directly at me. I am no way posing a threat or harm to no one, but Deputy Lamont Bufford Deployed Tazer while standing at entrance of Holding cell. I'm approximately 8 to 10 feet from Deputy Laying face down on floor thats when for no reason at all he

> took action of Lethal Force upon his on Judgment while I was laying face down handcuffed and shackled on floor. I was shot in Back with a large Spread from Tazer Wires Clearly shows the distance of Deployment. This to me is very un-professional and cruel and unusual punishment.

Further, Plaintiff alleges that "Deputy Jailer Capt. Tim Robinson took pictures, and stated that the spread of contact was further than he has ever seen before, the Warren County Jail staff was very shocked and Concerned for me due to this unnecessary action taken against me."

As relief, Plaintiff seeks punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare

assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.    Official-capacity claim and claim against the Warren County Sheriff's Office**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against Defendant Bufford is, therefore, actually a claim against his employer, Warren County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Moreover, Defendant Warren County Sheriff's Office is not a "person" subject to suit under § 1983 because municipal departments, such as sheriff's departments, are not suable under § 1983. *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is not a "person" subject to liability under § 1983);

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which may be sued under § 1983). An action brought against a municipal department should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews*, 35 F.3d at 1049. In this case, the claims against the Warren County Sheriff's Office will be construed as claims against Warren County. Therefore, Plaintiff's claims against Defendant Bufford in his official capacity and the Warren County Sheriff's Office are reviewed under the same analysis.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendant Bufford acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendant Bufford's actions occurred as a result of a policy or custom implemented or endorsed by Warren County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Accordingly, Plaintiff's official-capacity claim against Defendant Bufford and his claim against the Warren County Sheriff's Office will be dismissed.

**B.     Individual-capacity claim**

The Court construes Plaintiff's individual-capacity claim against Defendant Bufford as alleging a claim of excessive force. Upon review, the Court will allow this claim to proceed for further development. In allowing the claim to go forward, the Court passes no judgment on its ultimate outcome.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claim against Defendant Bufford and his claim against the Warren County Sheriff's Office are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED to terminate** Defendant Warren County Sheriff's Office as a party to this action.

The Court will enter a separate Scheduling Order governing the claim that has been permitted to proceed.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Warren County Attorney
4413.010