UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00049

LONNIE EARL COWLES, Plaintiff

v.

LAMONT BUFFORD, Defendant

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion for Summary Judgment, (Docket No. 11), and Defendant's Motion to Stay Discovery, (Docket No. 12). The time for the Plaintiff to respond has passed. This matter is now fully briefed and ripe for adjudication. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED and Defendant's Motion to Stay Discovery is DENIED AS MOOT.

## BACKGROUND

Plaintiff, proceeding *pro se*, is a convicted inmate at the Warren County Regional Jail ("WCJ"). The Court previously screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and dismissed several claims. Plaintiff's remaining claim is against Defendant Bufford, a bailiff at the Warren County Justice Center, in his individual capacity for excessive force.

Plaintiff states that on December 12, 2013, he was being arraigned in Warren County District Court on criminal charges. Docket No. 1. Plaintiff reports that he was escorted from the courtroom shackled and handcuffed and placed in a holding cell with other inmates. *Id.* He notes that he was "upset talking loudly to the other inmates about my charges" when the Defendant opened the holding door and told him to lay on the floor of the cell. *Id.* He alleges

1

that the Defendant "Deployed Tazer while standing at entrance of Holding cell." *Id.* He seeks punitive damages.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. S*ee Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citin*g Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute...." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lews v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 1776 (2007).

In addition, federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). Accordingly, this Court is not required "to explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Only well-pled factual allegations contained in the complaint and amended complaint are considered on motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

## DISCUSSION

Defendant Bufford now moves for summary judgment, arguing that because Plaintiff has failed to exhaust his administrative remedies prior to filing suit, his action is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Docket No. 11. Specifically, the WCRJ's grievance procedures require an inmate to file a grievance within forty-eight hours from the time of any incident. Here, Plaintiff did not file a grievance at all. *Id.*

Congress enacted the PLRA to preclude prisoners from bringing actions regarding prison conditions in any jail until available administrative remedies were exhausted. The purpose was to reduce the quantity and improve the quality of prisoner suits. *Gowdy v. Simpson*, 2007 WL 4300841, *1 (W.D. Ky. Dec. 7, 2007). Consequently, "a prisoner confined in any jail, prison, or

other correctional facility may not bring an action with respect to prison conditions under § 1983 until the available administrative remedies are exhausted." *Id.* The plain language of the statute makes exhaustion a precondition to filing an action in federal court. *Freeman v. Francis, et al.*, 196 F.3d 641, 645 (6th Cir. 1999). Because Plaintiff was clearly a "prisoner" at the time he filed suit, he was subject to the PLRA's requirements, and he has failed to follow them. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011).

## CONCLUSION

The clear mandate of the PLRA requires exhaustion prior to filing suit in federal court. As a result, Defendants' Motion for Summary Judgment, Docket No. 11, is GRANTED, and Defendant's Motion to Stay Discovery, Docket No. 12, is DENIED AS MOOT. An appropriate Judgment shall issue.

cc: Petitioner, *pro se*
    Counsel